IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

JONATHAN ADAMS,

     Plaintiff,

v.                            Case No. 2:10-cv-00956

MARK PLANTS,
Kanawha County Prosecutor,

     Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On July 27, 2010, Plaintiff, who was then incarcerated at South Central Regional Jail, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody (docket # 2). By Order entered July 27, 2010 (# 1), the action was deemed to be one filed pursuant to 42 U.S.C. § 1983, because it claims false imprisonment and seeks money damages. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the

complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  <u>Id.</u> at 555.

The Supreme Court further explained its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted).  Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## PLAINTIFF'S ALLEGATIONS

On July 22, 2010, Plaintiff alleged as follows:

I am falsely imprisoned towards charges which do not have any factual grounds of prosecution.  My counsel, John Sullivan, stated that the State agreed to dismiss my charges and refer them to the Feds, which its been two months and the Feds have not picked up the case due to lack of evidence.  I have been incarcerated almost four months, without any further information provided pertaining to my case or dismissal, in which prosecutions and convictions are based on factual grounds, which the State fails to provide.  (# 2, at 5.)

Ever since being incarcerated I have repeatedly asked my attorney, John Sullivan, for a bond reduction hearing and a copy of all evidence the State has, with no assistance provided on either request.  I have, also, wrote and sent letters (which I'm sending copies with this petition) to the Kanawha County Circuit Court Clerk and John Sullivan requesting that my attorney be removed from my case, with no responses.  I feel my counsel is ineffectively assisting me with my defense.  Id. at 6-7.

Plaintiff requests the "maximum payment which pertain to day for day false imprisonment with regards to pain and suffering.  Amount

---

[1]  Because service of process has not occurred, a motion to dismiss has not been filed in this case.  Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

requested $500,000.  Or, in alternative, a dismissal of all charges with prejudice." Id. at 14.  Upon inquiry, court staff has learned that Plaintiff was released on bond on September 1, 2010.

## ANALYSIS

Plaintiff alleges that he has been denied effective assistance of counsel, which is a claim that may be made in the context of habeas corpus.  It appears to the Court that Plaintiff has not been convicted and that he is no longer at South Central Regional Jail. Plaintiff is not in custody pursuant to a judgment of a State court; thus he does not have a claim for habeas corpus relief under 28 U.S.C. § 2254.

It further appears to the Court that Plaintiff's State charges have not been dismissed, with or without prejudice.  Thus he does not have a claim for false imprisonment or malicious prosecution, because there has not been a favorable termination of the criminal proceeding flowing from the seizure. Snider v. Seung Lee, 584 F.3d 193, 199 (4th Cir. 2009) (if there is a constitutional right to be free from malicious prosecution, the plaintiff must demonstrate both an unreasonable seizure and a favorable termination of the criminal proceeding flowing from the seizure).

Finally, Plaintiff seeks damages from the Kanawha County Prosecuting Attorney.  In Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), the Supreme Court held that prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating

a prosecution and in presenting the State's case," insofar as that conduct is "intimately associated with the judicial phase of the criminal process."

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief may be granted and seeks monetary relief from a defendant who is immune from such relief. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** with prejudice Plaintiff's Complaint under 28 U.S.C. § 1915A.

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a

waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder</u>
<u>v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S.
140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United</u>
<u>States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such
objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and
Recommendation" and to mail a copy of the same to Plaintiff at 1937
Township Road, South Point, OH 25680.

    October 19, 2010                     Mary E. Stanley
           Date                          Mary E. Stanley
                              United States Magistrate Judge